FRANCISCO GASTÓN, Plaintiff and Appellant, *v.* HEIRS OF FRANCISCO MARÍA FRANCESCHI, Defendants and Appellees.

No. 4944. Argued December 16, 1930.—Decided March 31, 1932.

*Tous Soto & Zapater* for appellant. *López de Tord & Zayas Pizarro* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Francisco Gastón brought, in the District Court of Ponce, an action against the heirs of Francisco María Franceschi seeking to be declared and acknowledged natural child of the latter and consequently an heir of the deceased. The defendants in turn filed a cross complaint against the plaintiff praying for the return of a bequest made to him by Francisco María Franceschi in his will; and in order to secure any judgment that might be rendered in their favor, they sought and obtained the attachment of property belonging to the plaintiff. The latter then moved for dissolution of the attachments levied, but the court denied the motions and made two orders from which the plaintiff has taken the present appeal. The pertinent part of the orders appealed from reads as follows:

"The court denies the motion to dissolve the attachment filed by plaintiff and cross-defendant Francisco Gastón, . . ."

" . . . . and likewise denies the plaintiff's motion to dissolve the attachment levied upon the mortgage securing promissory notes and entered in the registry. . . . "

Two errors are assigned by the appellant in his brief; the first committed, as he claims, by the court in failing to order the dissolution of the general attachment of property of the plaintiff, and the second in refusing to dissolve the attachment levied upon the mortgage securing certain promissory notes to bearer.

We shall examine the first assignment. There is no doubt that if the cross complaint clearly fails to state facts sufficient to constitute a cause of action, any measure taken to secure the effectiveness of any judgment that might be rendered by virtue thereof would fall to the ground.

The cross complaint filed in the present case rests on the claim that by bringing his action the plaintiff violated the seventh clause of the will of his alleged father, which reads as follows:

"SEVENTH.—It is the testator's will that every person and entity benefited by the present will should enjoy what in the peace and by the grace of God he bequeathes them, and he only demands of them to pray to heaven for his soul and that of his wife Margarita. But if anyone should contest my last will upon the claim that he had been omitted or unjustly treated, it is my firm resolve that he should be deprived of that which has been hereby bequeathed to him and which shall then vest in my nephews Juan and José María Franceschi."

The plaintiff admits that Francisco María Franceschi left him a legacy in his will, but he maintains that he has not attacked the said will but only confined himself to the exercise of a right, the renunciation of which would be void as contrary to law. His complaint contains the following allegations:

"That the plaintiff was not omitted as an heir in the said will, although the following legacy was the only bequest made in his favor: 'The houses and lots in the corners of Mayor and Comercio

streets and Cristo and Salud streets of Ponce, and the sum of ten thousand dollars are bequeathed to Francisco Gastón,' . . . 6. That the plaintiff neither alleges omission nor protests against the said will nor challenges its justice, confining himself to the exercise of a right which he thinks he has to claim his filiation while complying with the paternal will as far as compatible with such right.''

He concludes by praying:

'' . . . . this Hon. Court to declare that the plaintiff is the acknowledged natural son of Francisco María Franceschi and his heir entitled to the corresponding legal share; that as the plaintiff has not been omitted, the last will and testament of Francisco María Franceschi be upheld as valid as regards the legal portion of the forced heir which he demands, that is, as regards the two thirds of the whole inheritance as his legal share. . . .''

We think that the appellant is right. Without going to the question as to whether in a proper case the act of a legatee in instituting judicial proceedings would or would not constitute a violation of such a clause as the seventh of the will under consideration, it is sufficient to say that said clause should be considered as nonexistent with respect to the plaintiff, since to deprive a person of his right to claim his status as the child of another or to compromise with such person in the sense of leaving to him a specified sum of money upon the condition that he should forego the enforcement of said right would be contrary to law. Section 4 of the Civil Code provides as follows:

''Acts executed contrary to the provisions of law are void except when the law preserves their validity.

''Rights granted by the law may be renounced, provided such renunciation be not contrary to law, to public interest or public order, or prejudicial to the interest of a third person.''

Section 1715 of the same statute prescribes:

''No compromise can be made with regard to the civil status of persons, nor with regard to matrimonial questions, nor future support.''

The *Enciclopedia Jurídica Española,* vol. 17, p. 821, in commenting on section 137 of the former Civil Code and citing the judgment of the Supreme Court of Spain of June 25, 1909, reported in 115 *J. C.* 488, says:

"It should be finally stated that the exercise of such actions can not be renounced because it clearly affects the civil status of persons, that family right is included among those having reference to public policy—a matter excluded from the field of renunciation by the second paragraph of section 4 of the Code."

As the foregoing is sufficient to conclude that there was no basis for decreeing the attachment, it becomes unnecessary to consider the other grounds of dissolution set up by the plaintiff in his motion. Nor is it necessary to consider the interesting legal question raised by the second assignment of error.

It seems advisable to state further that on this day a decision has been rendered in the appeal subsequently brought by the plaintiff from the judgment for the defendants in case No. 5626, *Gastón* v. *Heirs of Franceschi, ante,* p. 285.

The appeal herein must be sustained and accordingly the orders appealed from reversed; and the attachments levied to secure any judgment that might be rendered by virtue of the cross complaint in the action will be discharged.

Mr. Justice Wolf took no part in the decision of this case.